UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 13-2069(DSD/SER)

Rana Charles Jewell,

        Plaintiff,

v.                                                        **ORDER**

Minneapolis Police Officer
Wick, Minneapolis Police
Officer Heil and Minneapolis
Police Department,

        Defendants.


    Rana Charles Jewell, 1533 University Avenue West, Suite
111, St. Paul, MN 55104, pro se.

    C. Lynne Fundingsland and Kristin R. Sarff, Minneapolis
City Attorney's Office, 350 South Fifth Street, Room 210,
Minneapolis, MN 55415, counsel for defendants.


    This matter is before the court upon the motion for judgment
on the pleadings by defendants Minneapolis Police Officer Wick,
Minneapolis Police Officer Heil and the Minneapolis Police
Department (collectively, defendants) and the pro se motion for
summary judgment by plaintiff Rana C. Jewell. Based on a review of
the file, record, and proceedings herein, and for the following
reasons, the court grants in part the motion by defendants.


**BACKGROUND**

    This civil-rights dispute arises out of an August 8, 2012
police stop of Jewell. That evening, Minneapolis police officers,
including Wick and Heil, responded to a report of a suspicious

individual at a used car lot.  Fundingsland Aff. Ex. 4, at 1–2.
When they arrived, the officers found Jewell on the lot and asked
him for identification.  Am. Compl. ¶ 19.

Thereafter, Jewell was handcuffed and placed in the back of
the squad car for twenty minutes.  Id. ¶ 22.  During the encounter,
the officers removed Jewell's billfold from his person.  Id. ¶ 6.
Jewell alleges that his right shoulder was injured when he was
placed into the squad car.  Id. ¶¶ 22, 31.  Jewell was not read his
Miranda rights during the incident and was released without being
formally arrested or charged.  Id. ¶¶ 22, 28.

On November 1, 2013, Jewell filed an amended complaint,
alleging claims for (1) various constitutional violations under 42
U.S.C. § 1983, (2) breach of duty, and (3) personal injury.
Defendants move for judgment on the pleadings.[1]  Jewell moves for
summary judgment.

---

[1] Under the Local Rules, a responding party must file a
memorandum of law in opposition to a dispositive motion within
twenty-one days of its filing.  D. Minn. LR 7.1(c)(2)(A)-(B).
Here, defendants moved for judgment on the pleadings on December
11, 2013.  ECF No. 16.  A hearing on the motion was scheduled for
February 7, 2014.  Jewell filed a motion for summary judgment on
January 24, 2014, but did not file a memorandum opposing the motion
for judgment on the pleadings.  Further, Jewell did not appear at
the hearing on the motion for judgment on the pleadings.  Given
such failure to oppose the motion, judgment on the pleadings would
be warranted on this basis alone.  See D. Minn. LR 7.1(g)(6) ("If
a party fails to timely file and serve a memorandum of law, the
court may ... take any ... action that the court considers
appropriate."); cf. Satcher v. Univ. of Ark. at Pine Bluff Bd. of
Trs., 558 F.3d 731, 735 (8th Cir. 2009) ("[F]ailure to oppose a
basis for summary judgment constitutes waiver of that argument.").

**DISCUSSION**

## I.   Standard of Review

The court analyzes a motion for judgment on the pleadings pursuant to Rule 12(c) under the same standards as a Rule 12(b)(6) motion to dismiss for failure to state a claim. Ashley Cnty., Ark v. Pfizer, Inc., 552 F.3d 659, 665 (8th Cir. 2009). To survive a motion to dismiss for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Braden v. Wal-Mart Stores, Inc., 588 F.3d 585, 594 (8th Cir. 2009) (quoting Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009)). "A claim has facial plausibility when the plaintiff [has pleaded] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949 (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007)). Although a complaint need not contain detailed factual allegations, it must raise a right to relief above the speculative level. See Twombly, 550 U.S. at 555. "[L]abels and conclusions or a formulaic recitation of the elements of a cause of action" are not sufficient to state a claim. Iqbal, 129 S. Ct. at 1949 (citation and internal quotation marks omitted).

The court does not consider matters outside the pleadings under Rule 12(c). See Fed. R. Civ. P. 12(d). The court, however, may consider matters of public record and materials that do not

contradict the complaint, as well as materials that are "necessarily embraced by the pleadings." See Porous Media Corp. v. Pall Corp., 186 F.3d 1077, 1079 (8th Cir. 1999) (citations and internal quotation marks omitted). In this case, the police report of the incident is a public record and is properly before the court.

## II. Constitutional Claims

Jewell argues that the officers committed numerous constitutional violations during the encounter. The court construes such claims as claims under 42 U.S.C. § 1983. Claims under § 1983 require that defendants acted under color of state law and that their conduct resulted in a denial of rights secured by the United States Constitution or by federal law. Scheeler v. City of St. Cloud, Minn., 402 F.3d 826, 830 (8th Cir. 2005) (citations omitted). Section 1983 is not an independent source of rights, and a successful claim must demonstrate a deprivation of a specific right, privilege or immunity. Morton v. Becker, 793 F.2d 185, 187 (8th Cir. 1986). Accordingly, a court considering a § 1983 claim must first "identify the specific constitutional right allegedly infringed." Albright v. Oliver, 510 U.S. 266, 271 (1994) (citing Graham v. Connor, 490 U.S. 386, 394 (1989)). Here, the court construes the complaint as alleging that the officers violated Jewell's (1) constitutional right to privacy when they asked him to identify himself and subsequently seized his billfold, (2) Fourth

4

Amendment rights when they handcuffed Jewell and placed him in the patrol vehicle for twenty minutes and (3) Fifth and Sixth Amendment rights when they did not read his <u>Miranda</u> rights or provide him access to an attorney before detaining him.[2]

## A.   Right to Privacy

Jewell first argues that defendants violated his right to privacy.  "[T]o violate the constitutional right of privacy, the information disclosed must be either a shocking degradation or egregious humiliation ..., or a flagrant bre[a]ch of a pledge of confidentiality which was instrumental in obtaining the personal information." <u>Van Zee v. Hanson</u>, 630 F.3d 1126, 1128 (8th Cir. 2011) (alterations in original) (citation and internal quotation marks omitted).  A constitutional privacy claim "depends upon whether the plaintiff had a reasonable expectation of privacy in the information." <u>Id.</u> at 1129 (citation and internal quotation marks omitted).  An expectation of privacy is reasonable where there is "both an actual subjective expectation and, even more importantly ... that expectation must be one which society will accept as reasonable." <u>McDonell v. Hunter</u>, 809 F.2d 1302, 1306

---

[2] Jewell also alleges that his First Amendment rights were violated because defendants infringed upon the "Guarantee of Freedom of Speech, Guarantee of Freedom of Assembly and Guarantee of Travel." Am. Compl. ¶ 9.  Jewell, however, alleges no facts indicating that he was engaged in protected speech or assembly. Further, Jewell does not explain how the officers silenced any such activity.  As a result, Jewell has only pleaded a legal conclusion that his First Amendment rights were violated, and judgment on the pleadings is warranted.  <u>See Iqbal</u>, 129 S. Ct. at 1949.

(8th Cir. 1987) (citations omitted).  This standard is "a high bar ... [such] that many disclosures, regardless of their nature, will not reach the level of a constitutional violation."  <u>Cooksey v. Boyer</u>, 289 F.3d 513, 516 (8th Cir. 2002).

Here, Jewell alleges that the officers asked him for identification when they encountered him on the car lot.  Am. Compl. ¶ 19.  Even if Jewell had a subjective expectation of privacy in his identity, however, such an expectation is not one that is objectively reasonable.  Here, the officers received a 911 call indicating that Jewell was going through unlocked cars in the lot.  Fundingsland Aff. Ex. 4, at 2.  Police officers are entitled to briefly question and identify an individual when they have reasonable suspicion that he is engaging in criminal activity.  <u>See Terry v. Ohio</u>, 392 U.S. 1, 30-31 (1968).  Further, "questions concerning a suspect's identity are a routine and accepted part of many <u>Terry</u> stops."  <u>Hiibel v. Sixth Judicial Dist. Court of Nev., Humboldt Cnty.</u>, 542 U.S. 177, 186 (2004) (citations omitted); <u>see also id.</u> at 185 ("In the ordinary course a police officer is free to ask a person for identification without implicating the Fourth Amendment.").  As a result, any expectation of privacy that Jewell had in his identity was not a reasonable one, and such allegations cannot support a privacy claim.

Jewell further alleges that the officers violated his right to privacy by removing his billfold from his pocket without his

consent.   Am. Compl. ¶ 6.   Jewell, however, alleges no facts indicating what information was contained within his billfold.   As a result, Jewell cannot demonstrate that removal of his billfold constituted a "shocking degradation or egregious humiliation," and judgment on the pleadings is warranted on the constitutional privacy claim.

### B.   Unreasonable Seizure

Jewell next argues that he was unlawfully detained and his billfold was unlawfully seized.   The court construes such allegations as a claim for unreasonable seizure in violation of the Fourth Amendment.   "To show a violation of [Jewell's] Fourth Amendment rights, [Jewell] must show that [he] was subjected to a seizure, that the seizure was unreasonable, and that the seizure was the proximate cause of [his] injuries." Johnson v. Grob, 928 F. Supp. 889, 895 (W.D. Mo. 1996) (citations omitted).   Violations of the Fourth Amendment are reviewed for objective reasonableness. Graham v. Connor, 490 U.S. 386, 396 (1989).   A court measures the reasonableness of a seizure based on the totality of the circumstances.   See McCoy v. City of Monticello, 342 F.3d 842, 848 (8th Cir. 2003).

Here, under the totality of the circumstances, defendants had a reasonable suspicion that Jewell was engaging in criminal activity.   Specifically, defendants received a 911 call reporting that Jewell was on a used car lot after business hours and was

behaving suspiciously.  See Fundingslad Aff. Ex. 4, at 2.  In such
an instance, "an officer may detain a suspect briefly for
questioning although he does not have probable cause ... as is
required for a traditional arrest." Brown v. Texas, 443 U.S. 47,
51 (1979) (citations and internal quotation marks omitted).
Further, in such circumstances, the Eighth Circuit has repeatedly
upheld detentions lasting well over twenty minutes.  See, e.g.,
United States v. Bloomfield, 40 F.3d 910, 917 (8th Cir. 1994)
(upholding detention lasting sixty minutes); United States v.
White, 42 F.3d 457, 460 (8th Cir. 1994) (upholding detention
lasting eighty minutes).  Under the totality of the circumstances,
the officers acted reasonably in briefly detaining Jewell to
ascertain his identity and investigate the premises.  Given the
paucity of details alleged by Jewell and the objectively reasonable
action of the police officers, Jewell has not plausibly alleged
that the officers acted unreasonably in detaining him or in
temporarily seizing his billfold.  As a result, judgment on the
pleadings is warranted on the unreasonable seizure claim.

**C.   Violations of Constitutional Criminal Protections**

Jewell also argues that (1) officers did not read him his
Miranda rights and (2) he was not provided with counsel after
providing the officers with a card summarizing his rights under
Escobedo v. Illinois, 378 U.S. 478 (1964).  Miranda warnings,
however, are required only before custodial interrogation.  See

8

<u>Miranda v. Arizona</u>, 384 U.S. 436, 444 (1966). Here, Jewell does not allege that he was the subject of an interrogation.  Instead, Jewell alleges only that the officers asked him for identification. Such allegations fall far short of constituting an "interrogation." See <u>United States v. Stately</u>, No. 13-280(1), 2014 WL 668167, at *8 (D. Minn. Feb. 20, 2014) (defining interrogation as "investigative questioning designed to elicit an incriminating response" (citation omitted)).  Thus, <u>Miranda</u> is inapplicable to the encounter between Jewell and the officers and, as a result, it cannot form the basis of a § 1983 claim.

Likewise, Jewell's allegations regarding <u>Escobedo</u> do not entitle him to relief.  <u>Escobedo</u> provides that a Sixth Amendment violation occurs when the subject of a particularized investigation requests and is denied access to counsel.  378 U.S. at 490-91. Despite his attempt to invoke rights under <u>Escobedo</u>, Jewell has not alleged that he was the subject of a particularized investigation. As a result, Jewell fails to state a claim with respect to his allegations regarding <u>Escobedo</u>, and judgment on the pleadings is warranted.[3]

---

[3] Throughout the complaint, Jewell refers to Sixth and Eighth Amendment violations.  Even if the court were to construe such allegations as § 1983 claims for Sixth and Eighth Amendment violations, they would nonetheless fail.  Such protections attach only in the course of criminal proceedings, which were never initiated against Jewell.  See <u>United States v. Costanza</u>, 549 F.2d 1126, 1132 (8th Cir. 1977) ("[T]he sixth amendment's concept of an 'accused' person is limited to a person who has actually been
(continued...)

## II.   State Law Claims

Finally, Jewell alleges claims for "breach of duty" and "personal injury" Am. Compl. ¶¶ 21-23, 30-32. As to the breach of duty claim, Jewell alleges that he asked the officers for their badge numbers. Id. at ¶ 22. Jewell, however, points to no specific duty owed to him by the officers under Federal or Minnesota law. As a result, the court construes the claim as a negligence claim under Minnesota law, which requires the existence of a duty and breach of such duty. See Lubbers v. Anderson, 539 N.W.2d 398, 401 (Minn. 1995) (citations omitted).

Jewell also alleges a claim for "personal injury." Am. Compl. ¶¶ 30-32. Specifically, Jewell argues that the officers violently handcuffed him, hurt his shoulders by placing him in the squad car for twenty minutes and did not call an ambulance after the incident. Id. ¶ 31. Minnesota does not recognize a general cause of action for personal injury. See Minn. Stat. § 541.07, subdiv. 1. As a result, the court construes these allegations as alleging a state-law claim for battery. See Paradise v. City of Minneapolis, 297 N.W.2d 152, 155 (Minn. 1980).

As already explained, however, judgment on the pleadings is warranted on Jewell's § 1983 claims, the only claims over which the

---

[3](...continued)
charged with a crime or has been taken into custody pending the filing of formal charges." (citation omitted)); see also City of Revere v. Mass. Gen. Hosp., 463 U.S. 239, 244 (1983) (noting that Eighth Amendment protections only attach upon conviction).

court has original jurisdiction.   Thus, the court must decide whether to exercise supplemental jurisdiction over any remaining state-law claims.   See 28 U.S.C. § 1367(c)(3); see also Johnson v. City of Shorewood, 360 F.3d 810, 819 (8th Cir. 2004).   "In the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under pendent jurisdiction doctrine — judicial economy, convenience, fairness, and comity — will point to declining to exercise jurisdiction over the remaining state law claims." Dodson v. Univ. of Ark. for Med Scis., 601 F.3d 750, 756 (8th Cir. 2010) (per curiam) (quoting Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 n.7 (1988)). Based on consideration of the pendent jurisdiction factors, the court will not exercise its discretion to take supplemental jurisdiction over the state-law claims.   As a result, the court dismisses the remaining state-law claims without prejudice.


**CONCLUSION**

Accordingly, based on the above, **IT IS HEREBY ORDERED** that:

1.   The motion for judgment on the pleadings [ECF No. 16] is granted in part, consistent with this order;

2.   Jewell's federal claims are dismissed with prejudice;

3.   Jewell's remaining state-law claims are dismissed without prejudice; and

11

4.    The motion for summary judgment by Jewell [ECF No. 22]

is denied.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**


**Dated:  July 21, 2014**


                                        s/David S. Doty
                                        David S. Doty, Judge
                                        United States District Court